IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY TUSWEET SMITH,            )
                Petitioner,    )
                               )
   vs.                               )   Civil Action No. 15-313
                               )   Judge Mark Hornak/
SUPT. ROBERT GILMORE; THE         )   Chief Magistrate Judge Maureen P. Kelly
ATTORNEY GENERAL OF THE STATE     )
OF PENNSYLVANIA,                  )
                Respondents.   )

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

Anthony Tusweet Smith ("Petitioner") has filed the Petition, under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition") seeking to attack his state court conviction for Attempted Criminal Homicide. it is respectfully recommended that, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Petition be dismissed before service as time-barred or as procedurally defaulted and that a certificate of appealability be denied.

**II. REPORT**

    **A. Procedural History**

As the Court writes primarily for the parties, we will dispense with a recitation of all but the most significant facts. On March 15, 2002,[1] Petitioner was found guilty by a jury of

---

[1] On the form Petition, Petitioner asserts that he was convicted on March 15, 2001 and originally sentenced on April 17, 2001. ECF No. 2 at ¶ 2. However, in the "Memorandum Of Law Under Federal Habeas Corpus Petition Pursuant to Title 29 U.S.C.A. § 2254" ("Brief In Support"), Petitioner identifies the correct dates as being March 15, 2002 and April 17, 2002,
                                                          (…footnote continued)

Aggravated Assault and Attempted Criminal Homicide.[2] He was originally sentenced on April 17, 2002. After an intervening appeal and remand to the trial court from the Pennsylvania Superior Court, Petitioner was ultimately resentenced on September 22, 2004 to 10 to 20 years. Thereafter, Petitioner did not appeal his sentence. As such, Petitioner's conviction became final, at the latest, on or about October 22, 2004, i.e., 30 days after the Court of Common Pleas of Beaver County resentenced him.

Petitioner waited until September 2, 2005 to file his First PCRA Petition through his counsel. ECF No. 3 at 5.[3] After several continuances and after Petitioner obtained new counsel, a hearing was conducted and the PCRA trial court denied the First PCRA Petition on November 5, 2007. Thereafter, Petitioner did not timely appeal that decision to the Pennsylvania Superior Court.[4]

---

respectively, which are the dates reflected on the docket of his criminal case.

[2] The docket from the Court of Common Pleas of Beaver County for Petitioner's criminal proceedings is available at:
https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-04-CR-0000967-2001
(site last visited on 3/23/2015).

[3] The docket reflects that an Amended PCRA Petition was filed on September 20, 2005. There are slight discrepancies of several days between dates of events as noted on the docket of the Court of Common Pleas of Beaver County and dates of events as recounted by Petitioner in his Brief In Support. The source of these slight discrepancies may reflect the delay between the dates of signing orders or filings and the dates of actual docketing. However, these slight discrepancies make no difference to the ultimate conclusion that the Petition is untimely by more than nine years as measured from the date his conviction became final or by more than three years as measured from the date of his discovery of the factual predicate of the claims that he raises herein.

[4] There is an appeal filed at Commonwealth v. Smith, No. 604 WDA 2008 (Pa.Super.). However that appeal was not deemed filed until January 14, 2008, and the order that Petitioner

(…footnote continued)

Petitioner waited until June 3, 2008, to file his Second PCRA Petition which the PCRA trial court denied on September 22, 2008. Petitioner filed an appeal to the Pennsylvania Superior Court, which affirmed the denial of relief on November 30, 2009.[5] Petitioner filed a Petition for Allowance of Appeal on December 21, 2009, which was denied on June 30, 2010.[6]

Petitioner then waited over three years until August 28, 2013 to file his Third PCRA Petition, which was denied on December 19, 2013.[7] ECF No. 3 at 5 – 6. Petitioner filed an appeal to the Pennsylvania Superior Court, which affirmed the denial of the Third PCRA Petition

---

attached to his Notice of Appeal was the November 5, 2007 order denying the First PCRA Petition. By order dated July 22, 2008, the Superior Court quashed the appeal stating: "PRO SE APPEAL DATED JAN 14, 2008 IS QUASHED AS NO ORDER DATED JAN 13, 2008 IS ENTERED ON THE DOCKET FROM WHICH THIS APPEAL LIES. SMITH ATTACHED ORDER OF NOV 5, 2007 DENYING PCRA RELIEF TO DKT STMNT. AN APPEAL FROM SUCH AN ORDER TAKEN ON JAN 14, 2008 WOULD CLEARLY BE UNTIMELY PA RAP 903." The docket for the appeal at No. 604 WDA 2008 is available at:
https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=604+WDA+2008
(site last visited 3/23/2015).

[5] Commonwealth v. Smith, No. 66 WDA 2009 (Pa. Super.), docket available at:
https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=66+WDA+2009
(site last visited 3/23/2009).

[6] Commonwealth v. Smith, No. 603 WAL 2009 (Pa.), docket available at:
https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=603+WAL+2009
(site last visited 3/23/2015).

[7] The PCRA Trial Court's "Preliminary Order and Notice of Court" of intent to dismiss the Third PCRA Petition as well as the Court's "Memorandum Opinion and Final Order" dismissing the Third PCRA Petition are attached hereto as Appendix I.

on August 13, 2014.[8]  Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which denied the Petition on December 30, 2014.[9]

Petitioner signed both the current Petition and the Brief in Support on February 26, 2015. ECF Nos. 2, 3.

**B. Discussion**

**1. Rule 4 pre-service dismissals**

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

---

[8] Commonwealth v. Smith, No. 137 WDA 2014 (Pa.Super.), docket available at
https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=137+WDA+2014
(site last visited 3/23/2015).

[9] Commonwealth v. Smith, No. 407 WAL 2014 (Pa.), docket available at:
https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=407+WAL+2014
(site last visited 3/23/2014).

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of those state court records and/or state court dockets. See, e.g., Brown v. Whetsel, No. CIV-05-568-F, 2005 WL 1606457 (W.D. Okla. June 1, 2005)(in Rule 4 case, court took judicial notice of state court docket); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998) (in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

This power of the court to summarily dismiss a petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief includes the power of the court to dismiss the petition where it discloses that it is not in compliance with the AEDPA's statute of limitations, i.e., the court may raise the AEDPA statute of limitations bar sua sponte pursuant to Rule 4. See United States v. Bendolph, 409 F.3d 155 (3d Cir. 2005), *cert. denied*, 547 U.S. 1123 (2006); Acosta v. Artuz, 221 F.3d 117 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). The court may also sua sponte raise procedural default where the petition and judicially noticed facts show that the claims have been procedurally defaulted. Boyd v. Thompson, 147 F.3d 1124 (9th Cir. 1998).[10]

---

[10] To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar as well as the procedural default bar, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the
(…footnote continued)

## 2. The AEDPA statute of limitations applies.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments and enacted a statute of limitations for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas Petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA statute of limitations provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

### 3. The Petition was not filed within one year of the conviction becoming final.

It is apparent from the face of the Petition and from matters of which the Court can take judicial notice, that Petitioner's conviction became final on or about October 22, 2004, i.e., thirty days after September 22, 2004, when Petitioner was resentenced and no timely appeal was filed from that order of resentencing where Petitioner was permitted 30 days in which to appeal. See Gonzales v. Thaler, __ U.S. __, 132 S.Ct. 641, 654 (2012) ("because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001)("Nara pled guilty on June 20, 1984 and was sentenced on July 13, 1984. Nara did not file a direct appeal, so his conviction and sentence were 'final' on August 13, 1984, when the time during which he could have appealed (30 days) lapsed."), *abrogation on other grounds recognized in*, Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002). See also Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

As provided by the AEDPA, Petitioner would have had until October 22, 2005 (one year from October 22, 2004), in which to file his Petition attacking deficiencies in his conviction. Petitioner did not file the present Petition until, at the earliest February 26, 2015, the date he signed the instant Petition.[11] While it is true that a properly filed post-conviction or collateral

---

[11] The Court will deem the date of the filing to be the date that Petitioner signed the Petition. The so-called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the Court will treat, the date whereon Petitioner signed his Petition as the filing date. Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del.

(…footnote continued)

petition that was filed and/or pending would have tolled the running of the AEDPA's limitations period,[12] Petitioner did not file his First PCRA Petition until at the earliest, September 2, 2005. Between October 22, 2004 and September 2, 2005, a total of three hundred and fifteen days of the AEDPA's one year statute of limitations were utilized.[13] Hence, only 50 days remained of the one year AEDPA statute of limitations.

      The First PCRA Petition ceased to be pending as of December 5, 2007, i.e., 30 days after November 5, 2007, which is when the Beaver County Court of Common Pleas denied the first PCRA Petition and Petitioner failed to file a timely appeal thereafter. Petitioner did not file the second PCRA Petition until June 3, 2008 which remained pending only until June 30, 2010, when the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in Commonwealth v. Smith, 603 WAL 2009 (Pa.). Stokes v. District Attorney, 247 F.3d 539, 543 (3d Cir. 2001) (time during which a prisoner may file a certiorari petition from the denial of his state post-conviction petition does not toll the limitations period). However, between December 5, 2007 and June 3, 2008, a total of 181 countable days passed or 131 days beyond the AEDPA one year statute of limitations, since Petitioner only had 50 days remaining from the date his conviction became final. It is clear then from at least June 3, 2008, Petitioner's current Petition

---

June 8, 2000).

[12] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

[13] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

is time barred unless Petitioner is entitled to have the AEDPA statute of limitations begin from another starting date.

### 4. No State created impediment prevented Petitioner from filing a habeas petition.

It does appear that Petitioner argues for another starting date for the AEDPA statute of limitations. Petitioner invokes 28 U.S.C. § 2244(d)(1)(B) and argues that there was an impediment created by the State and that impediment was the State's failure to provide to him the requested discovery of the Pennsylvania State police inventory records and/or to disclose the discrepancy between the inventory numbers. ECF No. 3 at 10. However, Petitioner himself concedes that he still has not received such discovery of the inventory records and/or that he had knowledge of the discrepancy in the inventory numbers. ECF No. 3 at 14 ("This issue is timely in concert with . . . 28 US.C. § 2244 (d)(1)(B) (D) [sic] & (2), due to the impediment of Prosecutor's continuing duty of disclosure interferes with the successful litigation of Petitioner, as the Prosecutor withholds the PSP-PRI's to date. . ."). The fact that he has not received such inventory records or that the State has not affirmatively disclosed the discrepancy and that Petitioner nevertheless was able to file the current Petition in this Court even without such records/disclosure defeats his claim of entitlement to the benefit of Section 2244(d)(1)(B). This is because Petitioner has definitively shown that he was able to file the current Petition even without the records/disclosure and this demonstrates the fact that the failure of the State to provide him these records/disclosure simply did not "prevent" him from filing the Petition as is required to successfully invoke Section 2244(d)(1(D). See, e.g., Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) ("The state's failure to provide Mr. Lloyd with a transcript did not prevent him from filing his habeas corpus petition, and the time limit contained in §

9

2244(d)(1)(B) does not apply to this case. Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition. Even though Mr. Lloyd apparently has not yet received the transcripts he sought, he was able to raise the issue of prosecutorial misconduct in his federal habeas corpus petition. . . . Because Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this case.").

### 5. The factual predicate of Petitioner's habeas claims was known as of June 3, 2011.

Petitioner also appears to argue, albeit, only in passing, for the application of Section 2244 (d)(1)(D), implying that he should have the benefit of one year from the date on which the factual predicate of his claims could have been discovered, i.e., within one year of having discovered the discrepancies between the Inventory Control Numbers. ECF No. 3 at 14 (citing in passing 28 US.C. § 2244 (d)(1)(D)).

However, it appears that Petitioner knew of the alleged discrepancy between the Pennsylvania State Police Inventory Numbers and also of the discrepancy's alleged effect on the chain of custody of evidence used at Petitioner's trial at least since June 3, 2011. ECF No. 3 at 8 – 9 ("the identification of PSP-PRI's was unnoticed thru June of 2011"); id. at 22 (it was found "in 2011, to be unrelated to the evidence collected from the Petitioner by the PSP designations"); id. at 24 – 31 (filing in the Court of Common Pleas of Beaver County, which was dated June 3, 2011 and which recounted the discrepancies in the Inventory Numbers). Notwithstanding that Petitioner knew of the discrepancy since at least June 3, 2011, he did not file the Third PCRA

Petition (wherein he raised the discrepancy) until August 28, 2013, more than two years later, which the state courts held to have been untimely filed. Furthermore, Petitioner did not file the instant Petition until February 26, 2015, almost four years after knowing of the discrepancy. Accordingly, it is plain from the face of the Petition and Brief in Support, in addition to matters of which judicial notice can be had, that the Petition violates the AEDPA statute of limitations and must be dismissed.

### 6. All of the habeas claims are procedurally defaulted.

In the alternative, because the state Courts held that his Third PCRA Petition is barred by the PCRA statute of limitations[14] and Petitioner concedes that he raised all the claims in the Third PCRA Petition which he now seeks to raise in the current Petition, the claims are all procedurally defaulted and must be dismissed as such. Belch v. Mazurkiewicz, No. 11-cv-1189, 2014 WL 3565953 (W.D.Pa. July 18, 2014) (finding the PCRA statute of limitations to be both adequate and independent for procedural default purposes and holding the failure to comply with the PCRA statute of limitations constitutes a procedural default for federal habeas purposes); Banks v. Horn, 49 F.Supp.2d 400 (M.D.Pa. 1999) (holding that the Pennsylvania Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely, constituted a procedural default, barring federal habeas review and that

---

[14] The unpublished opinion of the Superior Court affirming the denial of the Third PCRA Petition is available at:
    http://www.pacourts.us/assets/opinions/Superior/out/j-s44031-14m%20-%201019073462509164.pdf#search=%22137 WDA 2014%22

(site last visited 3/24/2015). The Superior Court's Opinion is attached hereto as Appendix II.

the PCRA's statute of limitations and its application by the state Courts was independent and adequate).[15]

### 7. Petitioner's discovery request should be denied as moot.

In light of the foregoing, Petitioner's Motion for Discovery, contained in the Brief In Support, ECF No. 3 at 18, should be denied as moot if the District Court adopts this Report and Recommendation.

---

[15] While Petitioner mentions in passing that actual innocence may permit a District Court to entertain a time-barred Petition on the merits, ECF No. 3 at 21 (citing McQuiggen v. Perkins, 133 S.Ct. 1924 (2013)), Petitioner fails to convince the Court that he has made any showing of his actual innocence of the crime of attempted homicide.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the Court would be correct in dismissing the Petition for being untimely under the AEDPA or that the claims were procedurally defaulted. Accordingly, a certificate of appealability should be denied.

## IV. CONCLUSION

For the reasons set forth herein, the Petition should be dismissed as time barred and procedurally defaulted. It is also recommended that the Motion for Discovery, ECF No. 3 at 18, be denied as moot. A certificate of appealability should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to

appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                                           Respectfully submitted,

                                                                           s/Maureen P. Kelly
                                                                           MAUREEN P. KELLY
                                                                           CHIEF UNITED STATES MAGISTRATE JUDGE

Date: April 29, 2015

cc:     The Honorable Mark Hornak
       United States District Judge

       District Attorney of Beaver County
       Post Conviction Relief Unit
       810 Third Street
       Beaver, PA 15009

       Anthony Tusweet Smith
       EY-9164
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370